**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CALVIN C. HOLLOWELL** **PLAINTIFF**

**vs.** **4:10CV00125-WRW**

**BRYAN E. HOSTO, *et al*.** **DEFENDANTS**

**ORDER**

Pending is a Motion to Dismiss (Doc. No. 2) by Defendants Bryan Hosto, Charles Buchan, Mark Sexton, Paul Prater, and Hosto, Buchan, Prater & Lawrence, P.L.L.C. Plaintiff, who is proceeding *pro se*, has responded.[1] Also pending is Defendant Beth Collier's Motion to Dismiss (Doc. No. 11). Plaintiff has responded.[2] For the reasons set out below, both Motions (Doc. Nos. 2,11) are GRANTED.

## I. BACKGROUND

In 2004, Defendant Hosto, Buchan, Prater, and Lawrence, PLLC, (the "Law Firm") represented First Resolution Investment Corporation ("First Resolution") in a case in the District Court of Sherwood that resulted in judgment (the "2004 Judgment") against Mr. Calvin Hollowell -- Plaintiff in this case -- in connection with a contested debt. Defendants Bryan Hosto, Charles Buchan, Mark Sexton, and Paul Prater are lawyers at the Law Firm. Defendant Beth Collier is the Deputy Court Clerk for the Sherwood District Court, and she signed the writs of garnishment that the Law Firm filed on behalf of First Resolution in execution of the 2004

[1]Doc. No. 9.

[2]Doc. Nos. 9, 13.

Judgment. Plaintiff apparently tried to file a notice of appeal of the 2004 Judgment, but was not successful.

On February 22, 2010, Plaintiff filed his Complaint in this case.[3] Plaintiff challenges the 2004 Judgment against him, as well as the writs of garnishment that the Law Firm caused to be filed.

Plaintiff particularly disputes the 2010 writ of garnishment (the "2010 Writ"). The Arkansas Federal Credit Union ("AFCU") was the garnishee in the 2010 Writ. Plaintiff contends he had a checking and a savings account at the AFCU, and that his Social Security payments were deposited into those accounts. Plaintiff complains that the 2010 Writ caused his Social Security benefits in his AFCU accounts to be placed on hold.

Plaintiff further contends that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"),[4] and violated his equal protection and due process rights under 42 U.S.C. §§ 1983, 1985, and 1986.[5] Plaintiff alleges Defendants acted against him because he is African American.

Defendants filed Motions to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes Defendants' Motions.

## II.     STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its

---

[3]Doc. No. 1.

[4]15 U.S.C. § 1692, *et seq.*

[5]Doc. No. 1.

allegations show that the pleader is entitled to relief."[6] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[7] A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[8] A complaint need contain only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[9] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[10] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11]

Under the *Twombly* "plausibility standard," the allegations in Plaintiff's Complaint must be evaluated to determine whether they contain facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible."[12] A complaint must contain sufficient factual matter,

---

[6]*Schaaf v. Residential Funding Corp*., 517 F.3d 544, 549 (8th Cir. 2008).

[7]*Crumpley-Patterson v. Trinity Lutheran Hosp*., 388 F.3d 588, 590 (8th Cir. 2004).

[8]*Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

[9]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[10]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

[11]*Id.* at 555 (citations omitted).

[12]*Id*. at 570.

accepted as true, to state a claim that is plausible on its face.[13] Although *pro se* complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced."[14]

## III. DISCUSSION

### A. Due Process and the 2004 Judgment

In reviewing Plaintiff's Complaint, as well as his Responses to Defendants' Motions to Dismiss, it is apparent that Plaintiff's claims focus on the 2004 Judgment. Under the *Rooker-Feldman* doctrine, federal district courts cannot exercise jurisdiction over attempted appeals of final state-court judgments.[15] The *Rooker-Feldman* doctrine occupies narrow ground, and "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced."[16]

Here, Plaintiff alleges his rights were violated when the 2004 Judgment was entered. The challenges Plaintiff makes are barred by *Rooker-Feldman*. Even if *Rooker-Feldman* was not applicable here, Plaintiff's claim regarding the 2004 Judgment is time barred.

### B. Conspiracy

Plaintiff contends that Defendants Sexton and Collier conspired against him in connection with the entry of the 2004 Judgment to deprive him of his rights guaranteed under 42 U.S.C. §§ 1983, 1985, and 1986. This claim is also time barred.

---

[13]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

[14]*Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[15]*Friends of Lake View Sch. Dist. Incorporation No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009).

[16]*Id*. (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 208, 284 (2005)).

### C. FDCPA

Plaintiff alleges Defendants violated the FDCPA, but did not specify how. A plaintiff who alleges claims under the FDCPA must do so within "one year from the date on which the violation occurs."[17] Again, Plaintiff's allegations center around the 2004 Judgment. Even if Defendants violated the FDCPA in connection with the 2004 Judgment, the time within which to file a claim has long passed.

Based on Plaintiff's pleadings, the only actions that could fall within the FDCPA's one-year statute of limitations are the issuance of writs of garnishment. In connection with the writs of garnishment, Plaintiff complains that the funds in his AFCU accounts are derived from Social Security payments, and that the 2010 Writ caused Plaintiff's Social Security benefits in his accounts to be frozen. But, Plaintiff does not allege that Defendants knew the funds were exempt when the Law Firm caused the 2010 Writ to be issued.

In *Beler v. Blatt, Hasenmiller, Leibsker & Mooore, LLC,*[18] General Electric Capital Corporation filed a collection suit against a credit-card debtor, Ella Beler.[19] GE Capital was represented by Blatt, Hasenmiller, Leibsker & Moore (the "Firm") in that action.[20] Beler

---

[17]15 U.S.C. § 1692k.

[18]480 F.3d 470 (7th Cir. 2007).

[19]*Id*. at 472.

[20]*Id*.

admitted that she owed GE Capital, and that judgment was entered accordingly.[21] Beler, however, did not pay, appeal, or file a bankruptcy petition.[22]

Beler had a checking account at U.S. Bank into which exempt Social Security payments were deposited.[23] U.S. Bank froze the assets in Beler's checking account after receiving a "citation to discover assets" issued by the Firm.[24] After Beler's assets were frozen, she hired an attorney who asserted all assets in the account were exempt Social Security benefits.[25] The Firm did not contest Beler's assertion, and dismissed the citation.[26] U.S. Bank lifted its freeze on Beler's assets after the citation was dismissed.[27] The assets in Beler's account were frozen for 23 days -- the time between U.S. Bank's receipt of the citation and the Firm's release of the citation.[28]

Beler sued the Firm under the FDCPA. Beler alleged, among other things, that by serving a citation that caused U.S. Bank to freeze the exempt assets in her checking account, the Firm violated 15 U.S.C. § 1692f.[29] Section 1692f reads: "[a] debtor may not use unfair or

---

[21]*Id.*

[22]*Id.*

[23]*Id.*

[24]*Beler*, 480 F.3d at 472.

[25]*Id.*

[26]*Id.*

[27]*Id.*

[28]*Id.*

[29]*Id.*

unconscionable means to collect or attempt to collect any debt."[30] Beler's theory was that it is unfair -- as that word is used in the FDCPA – for a debt collector to violate 42 U.S.C. § 407.[31] The Seventh Circuit Court of Appeals found two problems with Beler's approach.[32]

First, the Seventh Circuit noted that § 1692f "does not so much as hint at being an enforcement mechanism for other rules of state and federal law."[33] The Seventh Circuit pointed out that if the Firm had violated the Social Security Act, that Act's rules should be applied. Similarly, the Seventh Circuit found that § 1692f does not serve as a means for taking a state-law dispute and moving it to federal court.[34]

The second problem that the Seventh Circuit found with Beler's argument was that the Firm did not violate an anti-attachment rule.[35] The court noted that the citation used the language required by state law, and that a prompt post-citation hearing is adequate as a matter of both federal and state law.[36]

This case is similar to *Beler*. There are factual differences between the cases -- those differences, though, do not affect the reasoning used by the Seventh Circuit in *Beler*. It seems

---

[30]15 U.S.C. § 1692f.

[31]*Beler*, 480 F.3d at 473.

[32]*Id*. at 474.

[33]*Id*.

[34]*Id*.

[35]*Id*.

[36]*Id*.

that Plaintiff's FDCPA claim would require me to find that "unfair" as used in the FDCPA includes violation of § 407(a). I decline, for the reasons set out in *Beler*, to adopt that interpretation.

Beyond the writs of garnishment, there is nothing in Plaintiff's pleadings showing any type of contact between Plaintiff and Defendants, or any other action taken by Defendants.

After reviewing the pleadings and considering the specifics of this case, I find that Plaintiff has not alleged facts giving rise to an FDCPA claim.

Even if Plaintiff's FDCPA claim were valid, Plaintiff's claims against Defendant Collier cannot succeed because of Defendant Collier's quasi-judicial immunity.

**D. 2010 Writ of Garnishment**

Under 42 U.S.C. § 407, funds received as Social Security benefits are exempt from state garnishment proceedings.[37] That section reads, in part:

> (a) The right of any person to any future payment under this title [42 USCS §§ 401 et seq.] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title [42 USCS §§ 401 et seq.] shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.[38]

The United States Supreme Court has held that § 407 "unambiguously ruled out any attempt to attach Social Security benefits."[39] "The provisions of 42 U.S.C. § 407 barring 'the use of any legal process to reach Social Security benefits' bars all claimants . . . ."[40]

---

[37] 42 U.S.C. § 407.

[38] 42 U.S.C. § 407(a), (b).

[39] *Bennett v. Arkansas*, 485 U.S. 395, 397 (1988).

[40] *Gentry v. Gentry*, 327 Ark. 266, 269 (1997).

Still, a state may place a reasonable burden on the debtor to claim an exemption. Under Ark. Code Ann. § 16-110-402, "[u]pon receipt of the writ of garnishment, the judgment debtor is entitled to a prompt hearing in which to claim exemptions."[41] Arkansas's post-judgment garnishment procedure adequately protects a debtor's constitutional rights.[42]

Plaintiff does not allege that he claimed any exemption at the Sherwood District Court after receiving notice of the 2010 Writ. It is Plaintiff's burden to claim exemptions at the state-court level.[43] If Plaintiff did claim an exemption, the pleadings do not reflect that Plaintiff's effort was successful.

It appears that no Social Security payments had been taken when Plaintiff filed this case. Plaintiff's Complaint alleges only that funds were frozen.

It seems to me that Plaintiff filed suit too early. Until exempt funds have been taken from Plaintiff's account -- or the hold on Plaintiff's exempt assets is for an unreasonably long period of time -- there has been no unlawful garnishment. Further, there is no certainty that unlawful garnishment will occur, because Plaintiff has state remedies available that protect him. While Social Security payments are exempt, Plaintiff must claim the exemption at the District Court of Sherwood. Because the issue is not ripe for adjudication, this claim is dismissed for lack of jurisdiction.[44]

---

[41]Ark. Code Ann. § 16-110-402

[42]See *Duhon v. Gravett*, 302 Ark. 358, 362 (1990).

[43]Ark. Code Ann. § 16-110-402.

[44]See *Am. Canoe Ass'n v. United States EPA*, 289 F.3d 509, 513 (8th Cir. 2002).

Because this claim is dismissed for lack of jurisdiction, I will not address whether Plaintiff could obtain a remedy under 42 U.S.C. § 1983 for Defendants' alleged violation of 42 U.S.C. § 407(a), or whether § 407(a) creates a private cause of action.

Even if Plaintiff's claim in connection with § 407(a) were ripe and valid, Plaintiff could not succeed against Defendant Collier because of her quasi-judicial immunity in connection with the entry of writs of garnishment.

**CONCLUSION**

The Motion to Dismiss by Defendants Bryan Hosto, Charles Buchan, Mark Sexton, Paul Prater, and Hosto, Buchan, Prater & Lawrence, P.L.L.C. (Doc. No. 2) is GRANTED. Plaintiff's § 407(a) claims are DISMISSED without prejudice; all other claims are DISMISSED with prejudice. Defendant Collier's Motion (Doc. No. 11) is GRANTED. All claims against Defendant Collier are DISMISSED with prejudice.

IT IS SO ORDERED this 8th day of April, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE